Shackelford, J.,
delivered the opinion of the Court.
A petition was filed by the plaintiff in error, and other citizens of Greene county, asking that a third class public road be laid out, passing over his lands, and by the grist mill of the plaintiff, etc., alleging it was of interest to plaintiff and great public convenience. A jury of view was ordered, and on the return of the proceedings, William Evans, over whose lands *61 the road passed, appeared in Court, and was made a party defendant to the proceedings, and without a determination of the questions involved. The cause was taken to the Circuit Court, where the cause was submitted to a jury by His Honor; and from the judgment of the Circuit Court an appeal was taken to the Supreme Court. The Justices of Greene County were no party to these proceedings. At the September Term, 1859, of this Court, the proceedings were hold irregular for want of proper parties and other causes. The judgment of the Circuit Court was reversed, and the cause - remanded to the County of Greene. Other proceedings were had in the County of Greene; and at the October Term, 1860, of the Court, the plaintiff in error was in Court with his proof to try the cause, which the Court refused to hear, and dismissed the petition and refused to grant an appeal which was applied for by the plaintiff in error. A petition was presented to one of the Circuit Judges by the plaintiff for a certiorari, which was awarded, and the cause was removed into the Circuit Court of Greene. Th’e defendants were made parties to the petition, and they appeared in the Circuit Court; and were, on their' application, made defendants by the order of the Court; and on motion, the petition was dismissed. • It is well settled by the decisions of this Court, the writ of certiorari is the proper remedy to remove a cause from an inferior to a superior Court. It has been adopted with us as the almost universal method by which Circuit Courts, or Courts of general jurisdiction, both civil and criminal, esercise, over all inferior jurisdictions: 11 Hum., 249. It does not appear from the record in this cause, the *62 certiorari was awarded by the fiat of the Circuit Judge. The writ recites the fact, the cause was brought into Court, and the appearance of the defendants, and having made themselves parties, cured the defect. See Meigs’ Digest, vol. 1, par. 123. "W e think the alleged defect in the record falls within the provisions of section 2874 of the Code- No exception was made on this ground, as appears from the record in the Circuit Court, and it is now too late. The cause being properly before the Court,, i't was the duty of the Circuit Judge to have heard and determined the rights of the parties. Section 1191 of the Code provides all matters of controversy relative to the laying off, discontinuing, or establishing any public road or ferry by the County Court, may be taken by the parties aggrieved or interested, to the Circuit Court, from the Circuit to the Supreme Court, by appeal. In this cause, as appears from the petition, the plaintiff had a direct interest in the subject-matter, and was aggrieved by the action of the County Court, and had, therefore, we think, the right of appeal. The judgment of the Circuit Court in dismissing the petition will be reversed, and the cause remanded to the Circuit Court of Greene, for trial.